NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER PHILIP, on behalf of herself and those similarly situated, : : : Plaintiffs, : : v. : : SARDO & BATISTA, P.C. and JOHN DOES 1 to 10, : : : Defendants. : | Civil Action No. 11-4773 (SRC) OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon Defendant Sardo & Batista, P.C.'s ("Defendant") motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket entry 4]. Plaintiff Jennifer Philip ("Plaintiff") has opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, Defendant's motion will be denied.

I.  BACKGROUND

Plaintiff initiated this lawsuit after receiving a letter from Defendant on February 3, 2011, seeking to collect a $245 debt on behalf of one of its clients, Montville Oral Surgery. According to Plaintiff, the collection notice violated the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in the following three ways:

      1. By placing "vs." between the parties' names in the subject line of the letter when no lawsuit had been filed against Plaintiff at the time the letter was sent;

      2. By identifying two different time periods in which Plaintiff had to exercise and preserve certain rights under the FDCPA; and

      3. By failing to follow the proper notice requirements under the Act.

Defendant now moves to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL ANALYSIS

### A.   Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims have facial plausibility. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). This means that the complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, assuming the factual allegations are true. *Id.* at 1965; *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). The Supreme Court has made clear that "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.

*See Pension Benefit Guar. Corp.*, 998 F.2d at 1196.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**B.     Discussion**

Plaintiff alleges that Defendant engaged in three distinct kinds of conduct prohibited by the FDCPA: (1) falsely representing the legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A); (2) including language that overshadowed and/or contradicted the rights provided in 15 U.S.C. § 1692g(a), *et seq.*; and (3) failing to include the proper notice, in violation of 15 U.S.C. § 1692g(a)(3).  Defendant moves to dismiss the Complaint, arguing that the entirety of its letter complies with the Act.

1.     <u>The Use of "Re: Montville Oral Surgery Associates vs. Jennifer Philip"</u>

Plaintiff's first allegation implicates § 1692e, which states that "[a] debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  A communication is deceptive for the purposes of the Act if "it can be reasonably read to have two or more different meanings, one of which is inaccurate."  *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008).  In order to give effect to the Act's intent to "protect [] the gullible as well as the shrewd," courts have analyzed the statutory requirements "from the perspective of the least sophisticated debtor."  *Id.* at 221.  Although the "least sophisticated debtor" standard is a low standard, it "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."  *Wilson v.*

*Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000). "Even the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008).

Plaintiff contends that an unsophisticated consumer would view the letter, which was sent from a law firm and includes a subject line separating the parties' names by "vs.," as indicative of a pending lawsuit. According to Plaintiff, since no lawsuit had been filed against her at the time the letter was sent, Defendant made a false representation as to the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A). While the subject line of the letter does suggest the existence of a lawsuit against Plaintiff, the body of the letter unambiguously states that "**[u]nless** [Defendant] receives a check made payable to [it] within thirty (30) days after [Plaintiff] receives this letter, suit **will be** instituted against [her] in the appropriate Court. . . " (Def.'s Mot. to Dismiss, Ex. A. at ¶ 1) (emphasis added). The collection notice must be read in its entirety and even by the unsophisticated consumer standard, "will institute suit" is more than sufficient to negate any confusion arising from the subject line of the letter. Therefore, the use of "vs." does not violate the FDCPA in the present matter.

        2.        The Use of Contradictory Time Periods for Plaintiff to Respond

Plaintiff points to the sentence below the signature line in Defendant's letter - which states that Plaintiff has thirty days **from the date of the letter** to exercise or preserve certain rights under the FDCPA - and argues that it contradicts the language in the body of the letter, which complies with the Act and states that Plaintiff has thirty days **after receipt of the notice** to respond. *See* 15 U.S.C. § 1692g(a) (emphasis added). To comply with the terms of the Act, statutory notice must not only explicate a debtor's rights; it must do so effectively. *Shanker v.*

*Fair Collection & Outsourcing, LLC*, No. 09-1759, 2009 U.S. Dist. LEXIS 52213 at *10 (D.N.J. June 19, 2009).  Thus, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector. *Id.*; *see also, Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999) ("a contention that a debt collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)").

     Plaintiff avers that the contradictory language within the collection notice would leave an unsophisticated consumer confused over which 30 day period is applicable.  In its reply brief, Defendant points to three places within the body of the letter where it specifically states that Plaintiff has thirty days **after** receipt of the letter to respond, and maintains that the entirety of the letter therefore makes it clear that this is the applicable time period. (Emphasis added).  In support of its proposition, Defendant cites to *McStay v. I.C. Sys., Inc.*, where a debtor alleged a debt collector violated § 1692g(a)(3) by stating on the front side of its collection letter, "[p]lease be advised that if after 30 days your account is not paid in full or otherwise closed, the account information will be forwarded to the National Credit Reporting Agencies." *McStay v. I.C. Sys., Inc.*, 174 F. Supp. 2d 42, 45 (S.D.N.Y. 2001).  The plaintiff in that case contended that while the letter contained proper notice on the reverse side of the document pursuant to the requirements of § 1692g, the validation notice was overshadowed or contradicted by the language on the front side of the letter. *Id.* at 44.  Defendant urges this Court to follow the *McStay* decision, where the court held that reading the front of the letter in conjunction with the notice on the reverse side would lead even the least sophisticated consumer to conclude that the thirty days began to run from the date of receipt of the notice. *Id.* at 46.  However, Defendant's reliance on this decision is misplaced since *McStay* involved an ambiguity in the letter that was resolved by a valid notice,

whereas here, the notice below the signature line affirmatively misinforms debtor of her rights. The letter at issue here unlawfully creates confusion as to what date would trigger the thirty day period since the unsophisticated, or even the sophisticated, consumer may wonder whether a response is required within thirty days of the date of the collection letter (February 3, 2011); or as § 1692g(a)(3) specifically provides "within thirty days after receipt of the notice."

Defendant additionally contends that, to the extent that the statement below the signature line does not fully conform with the FDCPA, such a minor variation from the statutory language is inconsequential.  In support of this argument, Defendant cites to *Stojanovski v. Strobel & Manoogian P.C.*, where the court held that the notice limiting the period to dispute the debt from the date of notice rather than from the date of receipt was de minimis and did not amount to a violation of § 1692g(a)(3).  *Stojanovski v. Strobel & Manoogian P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992).  This Court declines to follow the holding in *Stojanovski*.  By specifying that the debt must be disputed within thirty days from the date of receipt of the notice, Congress has consciously protected against abusive tactics of debt collectors, such as the backdating of notices or other practices that might shorten debtors' time to respond. *See Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F. Supp. 1148, 1154 (E.D.N.Y. 1996).  Accordingly, the Court finds that the omission of the words "after receipt of the notice" sets forth a valid legal claim to survive this motion to dismiss.

   3. <u>The Improper Notice Claim</u>

Section 1692g(a) of the FDCPA sets forth the information that must be included in a debt collection notice:

>Within five days after the initial communication with a consumer in connection

>with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -
>
>>(1) the amount of the debt;
>>
>>(2) the name of the creditor to whom the debt is owed;
>>
>>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the debt collector**;
>>
>>(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>>
>>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added).

Plaintiff alleges that Defendant's collection notice fails to comply with this section of the FDCPA because it omits the language "by the debt collector" required under § 1692g(a)(3).[1] According to Plaintiff, the collection notice as written is misleading, as it conveys that a failure to dispute the debt within 30 days will or may result in the debt being assumed valid by others, rather than merely by the debt collector. In support of its contention, Plaintiff cites to an analogous sister court case, where it was held that the absence of the term "by the debt collector" sufficiently sets forth a claim and survives a motion to dismiss. *Galuska v. Collectors Training Inst. of Illinois*, No. 07-2044, 2008 U.S. Dist. LEXIS 39508 at *17-18 (M.D. Pa. May 13, 2008)

---

[1] The contested sentence from the collection notice reads: "Should we not receive your written dispute, it shall be assumed this debt is valid."

(analyzing the sentence: "[u]nless you notify this office within thirty (30) days after the receipt of this notice that you dispute the validity of the debt, or any portion thereof, this debt will be assumed to be valid").  In its rely brief, Defendant contends that the use of the word "we" in the first clause of the disputed sentence clearly indicates to the least sophisticated debtor that the "we," aka, the Defendant, is the only entity assuming the debt to be valid.  Defendant additionally avers that, in reading of the collection notice in its entirety, all of the references made to "we," "I," and "this office" throughout the letter further lead the least sophisticated debtor to this conclusion.

      However, the fact that the collection notice in this case uses the term "this office" in numerous other places in the letter does not necessarily lead the least sophisticated debtor to believe that Defendant is the entity assuming the debt to be valid.  In fact, the notice could be read as confusing or misleading because of the fact that "I" and "this office" was used so frequently in other contexts within the notice but not used after the clause780 regarding the assumption of the validity of the debt.  The unsophisticated consumer could interpret this to mean that the debt would be assumed valid by a different entity.  Further, while "we" does appear in the first part of the controverted sentence, it is possible that the least sophisticated debtor could believe that the office is the entity to be notified, but not the entity that would assume the debt to be valid.  The court in *Smith v. Hecker* encountered a similar problem:

> There is no language in the entire letter that identifies the person or entity that will assume, or "assess," the debt to be valid.  Hecker's use of the words "us," "we," and "our" in other parts of the debt validation notice does not connect with the verb "assessed."  As a result, the least sophisticated debtor may be led to believe that unless she disputes the validity of the debt asserted by the debt collector, her debt will be determined to be valid by a court, credit reporting agency, or other entity of authority.

*Smith*, 2005 U.S. Dist. LEXIS 6598 at *17-18.  As such, the absence of the term "by the debt collector," or its equivalent here, is a sufficient allegation to survive the standard for a motion to dismiss.  *See Galuska*, 2008 U.S. Dist. LEXIS 39508 at *17-18.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) is denied.  An appropriate form of order will be filed together with this Opinion.

                                                                  s/Stanley R. Chesler
                                                                STANLEY R. CHESLER
                                                                United States District Judge

DATED: November 10, 2011